UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

SAVANNA ROSE C.,

                        Plaintiff,          <u>REPORT & RECOMMENDATION</u>
                                          7:25-cv-01415-NSR-GRJ

       v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

     In January of 2023, Plaintiff Savanna Rose C.[1] applied for Disability

Insurance Benefits and Supplemental Security Income benefits under the

Social Security Act. The Commissioner of Social Security denied the

applications.  Plaintiff, represented by Pierre Pierre Law, P.C., Eddy Pierre

Pierre, Esq., of counsel, commenced this action seeking judicial review of

the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383

(c)(3).  Presently pending are the parties' competing requests for judgment

on the pleadings.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

This case was referred to the undersigned for a report and recommendation on October 17, 2025.  For the following reasons, it is recommended that this matter should be remanded for further proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on January 11, 2023, alleging disability beginning October 9, 2022. (T at 229, 232, 234).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on April 5, 2024, before ALJ Michael Stacchini. (T at 38-75).  Plaintiff appeared with an attorney and testified. (T at 45-65, 66-67). The ALJ also received testimony from Linda Vause, a vocational expert. (T at 66-73).

### B.    ALJ's Decision

On April 24, 2024, the ALJ issued a decision denying the applications for benefits. (T at 8-32).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 9, 2022 (the alleged onset date). (T at 13).  The ALJ determined that Plaintiff met the insured status

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

requirements of the Social Security Act through June 30, 2025 (the date last insured). (T at 13).

The ALJ concluded that Plaintiff's right shoulder SLAP tear and impingement syndrome; cervical strain; myofascial pain syndrome; right knee chondromalacia; and obesity were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 16).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b) and 416.967 (b), with the following limitations: she can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach and occasionally reach overhead. (T at 17).

The ALJ concluded that Plaintiff could perform her past relevant work as an ultrasound technician/insurance clerk. (T at 25).

In addition, and in the alternative, considering Plaintiff's age (36 on the alleged onset date), education (at least high school), work experience,

and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 26-27).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between October 9, 2022 (the alleged onset date) and April 24, 2024 (the date of the ALJ's decision). (T at 27).

On December 26, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

### C.   Procedural History

Plaintiff commenced this action by filing a Complaint on February 19, 2025. (Docket No. 1).  On July 24, 2025, Plaintiff filed a brief requesting a remand for further administrative proceedings. (Docket No. 12). The Commissioner interposed a brief in opposition to Plaintiff's request for review on September 22, 2025. (Docket No. 13).  On October 3, 2025, Plaintiff submitted a reply brief in further support of her request for review. (Docket No. 15).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her challenge to the ALJ's decision.  First, she contends that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC

7

determination.  Second, Plaintiff challenges the ALJ's consideration of her subjective complaints.  The Court will address each argument in turn.

### A.      Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).  The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, two treating providers completed impairment questionnaires regarding Plaintiff's physical functioning.

In September of 2023, Dr. Michael Rabinowiz reported that he had treated Plaintiff approximately every 4 months since December of 2017. (T

at 578).  He diagnosed knee injury, cervical spine injury, arthritis, disc disease, and labrum tear. (T at 578).  Dr. Rabinowiz characterized Plaintiff's prognosis as "poor." (T at 578).  He described Plaintiff's pain as constant and rated it as 9/10. (T at 579).

Dr. Rabinowiz opined that Plaintiff could sit, stand, or walk for less than 1 hour in an 8-hour workday; could perform no lifting or carrying; and could not engage in reaching, grasping, or fine manipulation. (T at 580). He believed Plaintiff's symptoms were likely to increase if she was placed in a competitive work environment. (T at 582).  Dr. Rabinowicz completed a second questionnaire in March of 2024, wherein he assessed essentially the same limitations. (T at 667-72).

In January of 2024, Dr. Vincent Carlesi reported that he treated Plaintiff on one occasion in September of 2023. (T at 628).  He diagnosed thoracic spine pain, cervicalgia, and myofascial pain syndrome. (T at 628). Dr. Carlesi described Plaintiff's pain as "constant [and] daily," precipitated by movement, and rated as an 8/10. (T at 629).  He opined that Plaintiff could sit, stand, or walk for less than 1 hour in an 8-hour workday; and never engage in reaching, lifting, or carrying. (T at 630).

Dr. Carlesi believed Plaintiff would need to take unscheduled pain relief breaks every 30-45 minutes; was incapable of even "low stress" jobs;

10

and was likely to be absent from work more than 3 times per month due to her impairments or treatment. (T at 631-32).

The ALJ concluded that Plaintiff retained the RFC to meet the physical demands of a range of light work. (T at 17). In so doing, the ALJ found the opinions of Dr. Rabinowicz and Dr. Carlesi unpersuasive. (T at 21-22).

The Court recommends a remand for reconsideration of the medical opinion evidence regarding Plaintiff's physical functioning. Here's why.

First, the ALJ failed to perform a function-by-function assessment of Plaintiff's ability to meet the physical demands of light work.

It is well-settled that before determining a claimant's RFC based on exertional levels (sedentary, light, medium, heavy, or very heavy), the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a *function-by-function basis*." *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (emphasis added) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545, 416.945.

The work-related functions include physical abilities (standing, sitting, walking, lifting, carrying, pushing, pulling), mental abilities (understanding, remembering, carrying out instructions, and responding to supervision),

11

and other abilities that may be impacted by impairments (seeing, hearing, ability to tolerate environmental factors). *See* SSR 96-8P; *see also* 20 C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

Although the Second Circuit has not applied a per se rule requiring remand in cases where ALJ did not provide an explicit function-by-function analysis—*see Cichocki*, 729 F.3d at 176; *compare Burrows v. Barnhart*, No. 3:03CV342, 2007 WL 708627, at *13 (D. Conn. Feb. 20, 2007)("[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce [ ] a detailed statement in writing"), *with McMullen v. Astrue*, No. 5:05-cv-1484, 2008 WL 3884359, at *6 (N.D.N.Y. Aug. 18, 2008) (remanding because "the ALJ erred in determining that Plaintiff could do light work before fully assessing his work-related abilities on a function-by-function basis")— "remand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichock*i, 729 F.3d at 177.

Here, the ALJ failed to explicitly assess Plaintiff's capacity to perform relevant functions, including, her ability to sit, stand, and walk for prolonged periods, despite contrary evidence in the record (including several

assessments from treating providers), and with inadequacies in his analysis, as outlined below, that frustrate meaningful review.  A remand is therefore necessary.  *See Gomez v. Saul*, No. 1:19-CV-04708 (ALC), 2021 WL 1172674, at *13 (S.D.N.Y. Mar. 29, 2021).

Second, the ALJ discounted the treating physicians' opinions as inconsistent with his reading of the treatment record.  Notably, however, the ALJ gave no apparent consideration to the significant consistency of the treating opinions *with each other*.  This was error.  *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

Third, although some support for the ALJ's decision is found in the assessment of Dr. Michael Healy, a consultative examiner, this is not

13

sufficient to sustain the conclusion that Plaintiff can meet the sitting, standing, and walking demands of light work.

Dr. Healy examined Plaintiff in June of 2023. He diagnosed status post remote motor vehicle accident with right shoulder pain and apparent rotator cuff injury; right knee pain; and probable degenerative joint disease. (T at 431). Dr. Healy assessed moderate limitation in Plaintiff's ability to stand, walk, bend, lift, and climb stairs. (T at 431).

The ALJ found this opinion "generally persuasive" and concluded that the moderate limitations Dr. Healy assessed were (apparently) consistent with the ability to meet the standing, walking, and lifting requirements of light work. (T at 22).

Although courts in this Circuit have found that moderate limitations are not always inconsistent with the ability to perform light work, *see, e.g., Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018), ALJs must nevertheless exercise caution when concluding that a claimant can meet the demanding requirements of light work, particularly where (as here), there is conflicting opinion evidence and the ALJ did not perform a function-by-function assessment. *See O'Connor v. Berryhill*, No. CV-164395-ADS-GRB, 2018 WL 6161350, at *12 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, 2018

14

WL 4853051 (E.D.N.Y. Sept. 28, 2018)(ALJ could not rely on undefined assessment of "mild to moderate" limitation to support conclusion that claimant could perform light work); *see also Malone v. Comm'r of Soc. Sec.,* No. 08–CV–1249 GLS/VEB, 2011 WL 817448m, at *10 (N.D.N.Y. Jan.18, 2011) ("At a minimum, an assessment of moderate limitation suggests a possibility that prolonged standing might pose a problem."); *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)("Dr. Balderman's report is not the clean bill of health that the ALJ suggests it is. Indeed, even Dr. Balderman, whose opinion received greater weight, found that Carroll suffered from moderate limitations in prolonged sitting and standing. This is not necessarily compatible with an ability to perform light work, as defined by the regulations.").

In addition, the ALJ's reliance on Dr. Healy's assessment is problematic because Dr. Healy did not have the benefit of reviewing an October 2023 MRI of Plaintiff's right upper extremity (which revealed arthritic changes). (T at 640).

"Courts have consistently decided that when consultative physicians fail to read a claimant's MRI results prior to formulating a medical opinion, their opinion cannot constitute substantial evidence." *Fintz v. Kijakazi*, No.

22-CV-00337(KAM), 2023 WL 2974132, at *4 (E.D.N.Y. Apr. 15, 2023); *see also Garcia v. Comm'r of Soc. Sec.*, No. 22-CV-2449 (FB), 2023 WL 4904751, at *3 (E.D.N.Y. Aug. 1, 2023).

Accordingly, for these reasons, the Court finds the ALJ's consideration of the medical opinion evidence, and assessment of Plaintiff's physical functioning, is not supported by substantial evidence. A remand for proper consideration of that evidence is, therefore, recommended.

### B.       Subjective Complaints

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929. However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's

16

testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves

17

seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff argues that the ALJ assigned insufficient weight to her subjective testimony of limitations in her mental/emotional functioning. Plaintiff testified as follows: She lives alone and only drives locally. (T at 46-47). She mostly stays at home, receiving grocery deliveries and caring for her dog, and does not socialize with family or friends. (T at 47-49).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 17).

The Court finds no error in the ALJ's assessment of Plaintiff's subjective complaints regarding her mental functioning.

The ALJ recognized Plaintiff's adjustment disorder and ADHD as medically determinable mental impairments but assessed only mild limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 14-16).  Plaintiff does not challenge this aspect of the ALJ's decision.

The ALJ's assessment of Plaintiff's mental functioning, including the decision to discount her subjective complaints, is supported by medical opinion evidence of record.

Dr. Melissa Antiaris performed a consultative psychiatric evaluation in October of 2023.  She diagnosed adjustment disorder with mixed anxiety and depressed mood and opined that Plaintiff had no more than mild impairment in any of the domains of mental functioning. (T at 597-98). Likewise, Dr. Fassler, a non-examining State Agency review consultant,

assessed no more than mild limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 93, 101).

The ALJ also gave appropriate consideration to the treatment notes, which documented some symptoms, but generally unremarkable clinical findings (T at 513, 517, 523, 529, 533, 537-38, 540, 545, 549-50, 552-53, 555, 608-09, 612-13, 617-18) and Plaintiff's activities of daily living, which included household chores, managing money, and attending to personal needs. (T at 47, 49, 50, 58, 276-79, 439, 597).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Plaintiff says that her subjective complaints are supported by an assessment from Else Gehring, her treating mental health counselor.  In September of 2023, Ms. Gehring opined that Plaintiff had a mild limitation in the ability to understand, remember, and carry out instructions; moderate

20

impairment with respect to maintaining attention and concentration for extended periods; moderate limitation as to social interaction (and marked limitation in terms of relating to the public); marked impairment with respect to making simple work-related decision; sustaining a schedule and regular attendance; and tolerating even moderate work stress. (T at 590-94).

The ALJ found this opinion unpersuasive. (T at 24).  This finding is supported by a reasonable reading of the record and appropriate consideration of the medical opinion evidence and must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec*., No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test.").

### C.      Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal

standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also*

*Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS

180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Given the deficiencies in the ALJ's analysis related to Plaintiff's ability

to meet the physical demands of light work, it is recommended that this

case should be remanded for further proceedings.

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that this

case should be remanded for further proceedings pursuant to sentence

four of section 405 (g) of the Social Security Act.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of

Civil Procedure, the parties have fourteen (14) days (including weekends

and holidays) from service of this Report and Recommendation to file any

objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to

any objections within 14 days after being served. Any objections and

responses shall be filed with the Clerk of the Court. Any request for an

extension of time to file objections or responses must be directed to the

District Judge. If a party fails to file timely objections, that party will not be

permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 5, 2025

s/ Gary R. Jones

GARY R. JONES
United States Magistrate Judge