USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:     12/23/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                                                    :
SAVANNA ROSE C.,                                                    :
                                                                    :
Plaintiff,                                                          :        ORDER ADOPTING
                                                                    :        REPORT AND
            -against-                                               :        RECOMMENDATION
                                                                    :        25 Civ. 01415 (NSR)(GRJ)
                                                                    :
COMMISSIONER OF SOCIAL SECURITY,                                    :
                                                                    :
Defendant.                                                          :
-------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

Plaintiff Savanna Rose C. ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). (ECF No. 1.) The Commissioner determined that Plaintiff was not disabled within the meaning of the Act. This matter was referred to Magistrate Judge Gary R. Jones ("MJ Jones"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R&R") on Plaintiff's motion.[1] (ECF Nos. 6.) Plaintiff moved to vacate the agency's determination and remand the matter for further administrative proceedings. (ECF Nos. 12, 15.) The Commissioner opposed the motion and sought affirmance of the agency's determination. (ECF No. 13.) On December 5, 2025, MJ Jones issued an R&R recommending that the case be remanded for further proceedings. (ECF No. 16.)

For the reasons set forth below, the Court reviews the R&R for clear error, finds none, and adopts the R&R in its entirety. Accordingly, the matter is remanded to the agency for further proceedings.

---

[1] The case was originally referred to Magistrate Judge Judith McCarthy and subsequently referred to Magistrate Judge Jones. (*See* corresponding docketed entry dated October 17, 2025.)

1

.

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

Plaintiff filed an application for SSI benefits in January 2023, alleging disability beginning on October 9, 2022. (R&R at 2.) Plaintiff's claim was denied initially and again upon reconsideration. (*Id.*) Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) In April 2024, Plaintiff appeared before ALJ Michael Stacchini ("ALJ Stacchini"), testified, and presented testimony from a vocational expert, Linda Vause. (*Id.*) Following the hearing, ALJ Stacchini determined that Plaintiff's impairments, singly or in combination, did not meet or medically equal any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 2-4.) The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Act. (*Id.* at 4.)

Plaintiff sought review by the Appeals Council, which denied her request in December 2024, rendering the ALJ's decision final. Plaintiff then commenced the instant action. (R&R at 4.)

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601,604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc.* Sec., 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). However, where the proper legal standards have not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard*, 377 F.3d at 189 (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984)). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996)).

## **DISCUSSION**

Neither Plaintiff nor Defendant timely objected to the R&R. R. The Court therefore reviews the R&R for clear error. Upon careful review of the record and MJ Jones's thorough and well-reasoned R&R, the Court finds no clear error.

As the R&R explains, the ALJ assigned little weight to the medical opinions of Plaintiff's treating physicians, Dr. Rabinowitz and Dr. Carlesi, while affording significant weight to the opinion of Dr. Healy, a consultative examiner who did not review the complete medical record. Under the treating physician rule, an ALJ must give good reasons for declining to afford controlling weight to the opinion of a claimant's treating physician. *See Halloran v. Barnhart*, 362 F.3d 28, 31–32 (2d Cir. 2004). Although such opinions are not automatically controlling, they must be weighed against the

record as a whole, including other medical opinions. (*Id.*) Here, as set forth in detail in the R&R, the ALJ failed to adequately justify the weight assigned to the competing medical opinions, warranting remand for further administrative proceedings. The Court agrees with MJ Jones's analysis and conclusions

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Plaintiff's motion is GRANTED, and the matter is remanded to the Social Security Administration for further proceedings consistent with this Opinion and the R&R. Defendant's motion seeking affirmance of the agency's determination is DENIED. The Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiff, remand the action to the agency, terminate the motions at ECF Nos. 12 and 13, and close this case.

SO ORDERED:

Dated: December 23, 2025
      White Plains, New York

NELSON S. ROMÁN
United States District Judge